**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD LEE HOWARD, IV and ANDREA HOWARD | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 4:13cv3 Judge Clark/Judge Mazzant |
| WMC MORTGAGE CORPORATION, KONDAUR CAPITAL CORPORATION, L.P., U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR MAIDEN LANE ASSET-BACKED SECURITIES I TRUST 2008-1, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | § § § § § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 28, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion for Final Summary Judgment [Doc. #21] be granted [Doc. #39]. On November 4, 2013, the Magistrate Judge issued an amended report and recommendation that Defendants' Motion for Final Summary Judgment [Doc. #21] be granted [Doc. #41]. On November 12, 2013, Plaintiffs filed objections [Doc. #42].

The court must first address the objections that were filed to determine whether they were

1

filed properly. The court determines that the objections were not filed properly, and the court strikes the objections. The objections were filed by Plaintiffs individually. Plaintiffs are currently represented by counsel, and all documents need to be filed by counsel. The clerk's office should have noted that this document deficient. The court recognizes that there is a motion for withdrawal of counsel for Plaintiffs, but that motion has not been granted and until that time, all filings must be filed by counsel. Therefore, the court strikes the *pro se* objections as not properly filed.

Without any objections, the court accepts the findings by the Magistrate Judge that Defendants Kondaur Capital Corporation and Mortgage Electronic Registration Systems' Motion for Final Summary Judgment [Doc. #21] shoiuld be **GRANTED** and the case **DISMISSED** with prejudice.

Even if the court weree to consider the improperly filed objections, they have no merit. Plaintiffs object to the dismissal of their breach of contract claim based upon the statute of limitations. This objection is overruled. The Magistrate Judge did not recommend dismissal of the breach of contract claim based upon statute of limitations.

Plaintiffs next object to the dismissal of the breach of contract claim because Plaintiffs failed to make payments. Plaintiffs now argue that their failure to pay was an immaterial breach. This is a new argument not raised before the Magistrate Judge. Even if the argument were not new, it also lacks merit. Plaintiffs failed to make payments, which defeats their breach of contract claim unless they could show that their performance was prevented by one of the Defendants. The Magistrate Judge reviewed the summary judgment evidence and found that there was no evidence that Defendants did anything to prevent Plaintiffs from meeting their

obligations under the Note and Deed of Trust. The court agrees that the breach of contract claim fails based upon Plaintiffs' nonperformance. Plaintiffs also fail to object to the other finding of the Magistrate Judge as it relates to the breach of contract claim that any claim based upon an alleged oral agreement to consider a modification was barred by the statute of frauds.

Plaintiffs also fail to object to the Magistrate Judge's findings on the suit for declaratory judgment and to quiet title. The Magistrate Judge rejected Plaintiffs' challenge to Kondaur's standing to foreclose on the property. The Magistrate Judge found that Kondaur's status as rightful mortgagee is beyond question. The court accepts these unobjected-to findings.

Plaintiffs also fail to object to the recommendation that Plaintiffs' fraud claim and statutory fraud claim should be dismissed. The court accepts these findings.

Plaintiffs next object to the rationale governing the dismissal of their unreasonable collection efforts. Plaintiffs take issue with the standard used by the Magistrate Judge. The Magistrate Judge properly found that Plaintiffs do not have a common law unreasonable collection efforts claim before the court, because no such claim is in their pleadings. The court agrees that they cannot assert a claim that is not contained in their pleadings. Despite the failure to plead such a claim, the Magistrate Judge examined whether there was evidence to support a common law claim. The Magistrate Judge's analysis of the elements of a common law correctly states the law. The Magistrate Judge was correct in finding that Plaintiffs failed to provide any evidence that Defendants' conduct amounted to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm. The objections are overruled and the court accepts the findings of the Magistrate Judge.

Plaintiffs next object to the finding of dismissal of the Texas Finance Code claims.

Plaintiffs' pleadings only support a general claim, which was what the Magistrate Judge recommended for dismissal. Plaintiffs attempt to expand these claims, which is rejected. What is clear is that Kondaur was legally entitled to do what it did. The summary judgment evidence establishes that Kondaur properly foreclosed.

Plaintiffs next object to the Magistrate Judge's findings on the negligent misrepresentation claim. Plaintiffs recite some law and assert that Kondaur owed Plaintiffs a duty. Plaintiffs fail to object to the following findings: that the statute of frauds bars any alleged promises to consider a loan modification and that any claim would be barred by the two-year statute of limitations; that there is no evidence that supports Plaintiffs' allegations that Defendants supplied false information or failed to exercise reasonable care in supplying information concerning the loan; that Kondaur had a legal entitlement to payment and to foreclose on the property; and that Kondaur properly served notices of acceleration and foreclosure on Plaintiffs. The court agrees that these unobjected-to findings support dismissal of the negligent misrepresentation claim.

Plaintiffs next object to the dismissal of their DTPA claim. Plaintiffs assert that they do not assert an independent claim, but rather assert a claim only as part of their Texas Finance Code claim. Since the court has dismissed all of the Texas Finance Code claims, the DTPA claim is also properly dismissed.

Having received the report of the United States Magistrate Judge, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion for Final Summary Judgment [Doc.

#21] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

·   So **ORDERED** and **SIGNED** this **4**   day of **January, 2014.**

_____
Ron Clark, United States District Judge